UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SUZANA GULIC,

                      Plaintiff,

        -vs-                          **No. 1:16-CV-00156 (MAT)**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                      Defendant.

───────────────────────────────

## I.    **Introduction**

        Represented by counsel, Suzana Gulic ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.  **Procedural History**

        The record reveals that in February 2012, plaintiff (d/o/b January 2, 1987) applied for SSI, alleging disability as of June 1, 2009. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge William Weir ("the ALJ") on August 2, 2013. The ALJ issued an unfavorable decision on October 30, 2014. The Appeals Council denied review of the ALJ's decision and this timely action followed.

### III. The ALJ's Decision

At step one of the five-step sequential evaluation process, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since February 2, 2012, the application date. At step two, the ALJ found that plaintiff suffered from the severe impairments of anxiety disorder and depressive disorder. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she could continuously understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions; she could occasionally understand and remember complex instructions, carry out complex instructions, and make judgments on complex work-related decisions; and she should have no contact with the public, but could have up to occasional contact with coworkers and supervisors.

At step four, the ALJ found that plaintiff was capable of performing past relevant work as a cleaner-housekeeper. Accordingly, the ALJ found that plaintiff was not disabled and did not proceed to step five.

## IV.  Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff's sole contention is that the ALJ erred in failing to allow plaintiff's counsel to submit an alternate hypothetical to the vocational expert ("VE"), who testified not in person but via written interrogatories posed by the ALJ. After the VE answered the ALJ's interrogatories, which included a hypothetical based on the RFC found by the ALJ, the ALJ wrote plaintiff's counsel and informed him that he would grant a request to question the VE "if [the ALJ] determine[d] that questioning the [VE was] needed to inquire fully into the issues." T. 221. Plaintiff's counsel responded that he "wish[ed] [the VE] to be asked to expand the hypothetical . . . [to include limitations opined by plaintiff's treating physician that plaintiff was] very limited in her ability to work at a consistent pace and [had] moderate limitations in maintaining attention and concentration." T. 224. The ALJ refused to allow this further questioning of the VE. Notably, plaintiff

does not contend that the ALJ's RFC determination was unsupported by substantial evidence.

After a careful review of the ALJ's decision and the administrative transcript, the Court concludes that the ALJ's RFC assessment was supported by substantial evidence, and that therefore, his refusal to allow further questioning of the VE did not constitute reversible error. See Priel v. Astrue, 453 F. App'x 84, 87–88 (2d Cir. 2011) ("[T]he ALJ properly declined to include in his hypothetical question symptoms and limitations that he had reasonably rejected.") (citing Dumas v. Schweiker, 712 F.2d 1545, 1554 (2d Cir. 1983)); Mancuso v. Astrue, 361 F. App'x 176, 179 (2d Cir. 2010) (rejecting plaintiff's argument that the hypothetical posed to the VE failed to accurately reflect her impairments, holding that "[t]he Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence").

Although plaintiff argues that her further hypothetical should have been posed "[a]s there was substantial evidence to support [it]," the question is not whether substantial evidence supports plaintiff's position, but whether it supported the ALJ's decision. See Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (citing Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013)). Here, the hypothetical posed to the VE accurately reflected the RFC in the ALJ's decision. That RFC was supported by substantial

evidence including the consulting examiner's opinion, the reviewing state agency psychologist opinion, and portions of the opinions of plaintiff's own treating psychiatrist. See T. 20-28. Additionally, the RFC was supported by the treatment notes contained throughout the record, which indicated relatively unremarkable mental status examinations as performed by multiple medical sources, including plaintiff's treating psychiatrist. Accordingly, the ALJ was not required to submit to the VE a further hypothetical including the limitations provided by plaintiff's counsel. See Gucinski v. Colvin, 2014 WL 4659298, *10 (W.D.N.Y. Sept. 17, 2014) ("Contrary to Plaintiff's assertion, '[t]he ALJ is not required to submit to the vocational expert every limitation alleged by the claimant, but must only convey all of a claimant's credibly established limitations.'") (quoting Collins v. Comm'r, 2014 WL 4167012,*14 (N.D.N.Y. Aug.20, 2014)).

## V.   Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 10) is denied and the Commissioner's motion (Doc. 14) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    January 30, 2017
          Rochester, New York